**Lazell Don JACKSON, Plaintiff–Appellant,**

v.

**TEXAS BOARD OF PARDONS & PAROLES; William Siegman, Director of Review and Release Proc.; Howard Thrasher, Program Administrator, Release Proc.; Hugh Campbell, Program Administrator, III; Ellis Huffman, Program Administrator I; V. Ruth Flynn, Administrative Secretary I; Unidentified Garcia, Parole Commissioner; Sandie Walker, Board Member; Don Jones, Program Administrator I; Deborah Essary, Institutional Parole Caseworker, Defendants–Appellees.**

* Pursuant to 5TH CIR. R. 47.5, the court has

No. 05–41726
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 28, 2006.

Lazell Don Jackson, Tennessee Colony, TX, pro se.

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM: *

determined that this opinion should not be

**380**

Lazell Don Jackson, Texas prisoner # 61277, appeals following the district court's dismissal without prejudice of his 42 U.S.C. § 1983 suit for failure to prosecute. Jackson argues that the district court lacked authority to sua sponte dismiss his complaint for failure to pay the initial partial filing fee and that his in forma pauperis complaint could be dismissed only if it was frivolous, malicious, or failed to state a claim. Jackson's arguments are without merit. *See* FED.R.CIV.P. 41(b); *McCullough v. Lynaugh,* 835 F.2d 1126, 1127 (5th Cir.1988).

With the benefit of liberal construction, Jackson also argues that he believed the district court would collect the filing fee, that the district court's dismissal was arbitrary, malicious, and fraudulent, and that his complaint raised meritorious issues relating to the denial of parole, denial of good-time credit, and the Ex Post Facto Clause. The record shows that Jackson was instructed that he was responsible for paying the filing fee and timely executing all necessary documents for withdrawals from his inmate trust account, but Jackson did not comply with the district court's order. The district court did not abuse its discretion by dismissing the complaint without prejudice. *See McCullough,* 835 F.2d at 1127.

The district court's judgment is AFFIRMED.

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.